# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**CHARLES COTTON,**                                          **PETITIONER**

**V.**                                                   **NO. 1:02CR149-GHD**

**UNITED STATES OF AMERICA,**                      **RESPONDENT**

## MEMORANDUM OPINION

Presently before the court is Petitioner's, Charles Cotton, Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. The Government has responded and this matter is now ripe for resolution.

### A. Factual Background

On October 28, 2002, an arrest warrant was issued for Charles Cotton. Cotton and a codefendant were arrested and subsequently indicted for aggravated sexual abuse. Cotton was tried and convicted by a jury of his peers on December 13, 2002.[1] After receiving a two-level enhancement, Cotton was sentenced to 196 months imprisonment. A timely appeal followed. On April 20, 2004, the Fifth Circuit Court of Appeals rejected each of Cotton's assignments of error and affirmed his conviction and sentence.[2] *United States v. Bell*, 367 F.3d 452 (5th Cir. 2004).

On May 16, 2005, Cotton filed this § 2255 motion.[3] Cotton's motion contains six arguments

---

[1] The indictment consisted of two counts of aggravated sexual abuse. Cotton was acquitted of Count Two.

[2] Although Cotton was tried separately from his codefendant, their cases were consolidated for purposes of appeal.

[3] This motion is timely pursuant to the United States Supreme Court holding of *Clay v. United States*, 537 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d (2003). A defendant has one year from the date his conviction becomes final to file a motion to vacate. 28 U.S.C. § 2255. The

each of which is related to the effectiveness of his counsel. Specifically, Cotton contends that his counsel was ineffective for:

| | |
|---|---|
| Ground One | failing to conduct any pre-trial preparation; |
| Ground Two | failing to conduct interviews; |
| Ground Three | failing to challenge the sufficiency of the evidence; |
| Ground Four | failing to "put on a defense" or research the law; |
| Ground Five | failing to consult with him regarding any phase of the trial, appeal and post conviction process; and |
| Ground Six | failing to "recognize a fatal variance from the charged offense and what was not proven at trial." |

## B. Standard of Review

After as defendant has been convicted and exhausted or waived any right to appeal, "a court is entitled to presume that [he] stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Accordingly, relief under 28 U.S.C. § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). A criminal defendant seeking relief from his conviction or sentence in a motion to vacate pursuant to § 2255 must therefore establish one of the following: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence imposed exceeded the

---

*Clay* court held that a conviction becomes final, for purposes of calculating the one-year limitation period, when time expires for filing a petition for certiorari contesting the appellate court's affirmance of conviction. *Clay*, 537 U.S. 525. After his conviction is affirmed by the appellate court, a defendant has 90 days to seek a writ of certiorari. *See* Sup. Ct. R. 13.

maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

When a defendant raises an issue for the first time during collateral review, he must ordinarily show both cause for his procedural default and actual prejudice resulting from the alleged error. *Gaudet*, 81 F.3d at 589. The "cause and actual prejudice" standard is "significantly more rigorous than even the plain error standard applied on direct appeal." *Id.* The procedural bar does not apply, however, to a claim which could not have been raised on direct appeal, such as those alleging ineffective assistance of counsel. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992). Conversely, issues raised and disposed of in an appeal from an original judgment of conviction are not to be considered in collateral § 2255 motions. *United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004).

## C. Discussion

Each of Cotton's arguments concern the effectiveness of his trial counsel. In order to demonstrative ineffective assistance of counsel, a defendant must satisfy the two part test of *Strickland v. Washington*, 466 U.S. 668, 687 (9184):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

A petitioner must satisfy both prongs of the *Strickland* test to succeed. *Id.* at 687. To show that counsel's performance was deficient, the defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable judgment." *Id.* at 690. The court must

3

"indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and it is the petitioner's burden to overcome that presumption. *Id.* at 689. The court is not to analyze counsel's actions in hindsight, but rather to judge his or her decisions in a "highly deferential" manner. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (quoting *Strickland*, 466 U.S. at 689). If counsel's performance is deemed to have been deficient, "then [the court] must determine whether there exists a reasonable probability that but for the complained-of error the outcome of the trial or appeal would have been different." *Pitts v. Anderson*, 122 F.3d 275, 279 (1997) (quoting *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997)).

Grounds One and Two

Cotton contends that his counsel failed to conduct any pre-trial preparation or conduct witness interviews. Cotton's petition is reasonably well written and organized. Cotton has also thoroughly annotated his supporting memoranda with case law. He has, however, almost entirely failed to expand upon his Grounds for relief by citing to portions of the record, the actual facts of his case or recalling specific events. Rather, in only conclusory terms he states, and asks this court to find, that counsel was unprepared for a five-day criminal trial.

Certainly, an attorney who fails to familiarize himself with the law and facts of the case could not possibly provide effective counsel. *See Friedman v. U.S.*, 588 F.2d 1010, 1016-17 (5th Cir. 1979). A petitioner who alleges a failure to investigate on the part of his attorney, however, must state with specificity what the investigation would have revealed and how it would have changed the outcome. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005).

The court is not unfamiliar with the trial proceedings and post trial motions in this case. Having presided over every event, the court is convinced that counsel reasonably and competently

4

represented Cotton easily satisfying the *Strickland* standard. There is simply nothing in the record to support Cotton's assertion that his counsel completely failed to prepare for trial. Furthermore, Cotton has not specifically alleged what any further investigation would have likely revealed and how it would have changed the outcome of his case. It is well settled that "conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Accordingly, without further elaboration, Grounds One and Two are denied.

Grounds Three and Four

Next, Cotton avers that his attorney provided ineffective assistance by failing challenge the sufficiency of the evidence or "put on a defense." Cotton devotes a large portion of his brief discussing general sufficiency of the evidence claims. However, he again fails to develop the argument beyond the recitation of favorable case law.

First, a claim of insufficient evidence is not a contention cognizable for consideration on collateral motion under § 2255. *Forrester v. United States*, 456 F.2d 905, 907 (5th Cir. 1972). Secondly, general statements and conclusory charges of ineffectiveness will not suffice. *Green v. McGougan*, 744 F.2d 1189, 1190 (5th Cir. 1984). Furthermore, assuming the court could properly consider Cotton's claim in this collateral matter, sufficient evidence was presented to the jury to support his conviction.

Both victims of the sexual abuse testified at the trial. Jim Lee identified Cotton as his attacker. George Cotton testified that he saw Cotton assault and have sexual contact with Jim. Millie Chickaway, who saw the home and victims after the attacks, attested to the condition of the victims and the home. Clay Wesley corroborated what Chickaway had seen at the home and the condition of the victims. A police officer, Chris John, also recalled similar conditions and added that

Jim's eyebrows had been shaved and his face looked as though he had been beaten. Cotton, himself, took the stand and admitted that he was at the home the day Jim and George were assaulted but denied entering the home. All the evidence was presented to the jury[4] who found Cotton guilty of aggravated sexual abuse. Despite the absence of demonstrative medical or DNA evidence, there was sufficient circumstantial and substantiating proof to support the jury's verdict.

As for the failure to put on a defense, it can hardly be said that Cotton's attorney failed in this regard. To the contrary, Cotton's attorney vigorously opposed the double interpreted testimony of George Cotton. He cross-examined each victim and Government witness and tendered at least five defense witnesses, including Cotton and his wife. Cotton's failure to expand upon these theories combined with the contradictory record is fatal to Grounds Three and Four.

Ground Five

Cotton argues that his counsel was ineffective for failing to consult with him regarding any phase of the trial, appeal and post conviction processes. As with all arguments before, Cotton never develops this purported constitutional transgression beyond its original enumeration. His conclusory allegations are simply insufficient to support an ineffective assistance of counsel claim. Additionally, the Government has provided two letters written by counsel regarding the propriety of Cotton's options following the denial of his direct appeal. The documentation submitted along with the Government's response belies the suggestion that Cotton's attorney failed engage in any discussions concerning his case. Thus, Ground Five is without merit.

---

[4] In fact, two juries separately convicted Cotton and his codefendant of the same offense.

Ground Six

Lastly, Cotton contends that his attorney was ineffective for failing to "recognize a fatal variance from the charged offense and what was not proven at trial." Of all his assignment of errors, this is the most bewildering. Neither his petition nor his memorandum explain or define the "fatal variance." Presumably, this is another attempt to challenge the sufficiency of the evidence adduced against him at trail.

A variance occurs when the charging terms of an indictment remain unaltered but the evidence at trial proves facts other than those alleged. *United States v. Freeman*, 434 F.3d 369, 374 (5th Cir. 2005). To prevail on a variance claim, "a defendant must show (1) a variance between the evidence at trial and the indictment and (2) that his substantial rights were prejudice." *United States v. Payne*, 99 F.3d 1273, 1279 (5th Cir. 1996).

Charles Cotton was indicted on two counts of aggravated sexual abuse. Count One charged him with sexually abusing Jim Lee of which he was convicted. Count Two charged him with sexually abusing George Cotton of which he was acquitted. The charge of aggravated sexual abuse required that the Government prove Cotton knowingly caused a person to engage in a sexual act by using force or threats. 18 U.S.C. § 2241(a). As discussed above, there was ample testimony to support the indictment and the jury's conclusion that Cotton had sexually assaulted Jim Lee. There is no variance, fatal or otherwise, between the indictment and the facts as found by the jury. Therefore, Ground Six is unavailing.

*D. Conclusion*

Of course this evaluation has been done with due consideration for the obligation of the courts to liberally construe the *pro se* pleadings. The court has been mindful of the extent to which

the courts must go in construing the pleadings of a non-lawyer. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The court has also been mindful of the real limits to liberal construction. Liberal construction does not excuse the failure to make any argument nor give the court's license to raise issues that the *pro se* litigant has omitted. *Johnson v. Quarterman*, 479 F.3d 358 (5th Cir. 2007) (*Pro se* briefs are entitled to liberal construction, but even *pro se* litigants must brief arguments in order to preserve them). At the same time, however, *pro se* litigants are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue,' *Id.*"(Citations omitted); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983)("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition ... to be of probative evidentiary value."). Thus, the court has attempted to liberally construe the arguments made by Cotton but recognizes that no one can make arguments for him on any issue he has failed to raise.

As discussed in detail above, Cotton articulated his Grounds for relief and provided a lengthy memorandum. The memorandum which consisted almost entirely of citation to legal principles and case law is nearly devoid of reference to the events or facts of his case. Accordingly, Petitioner's arguments, either singularly or collectively, are unworthy of habeas relief. Thus, his petition shall be denied in all respects.

A final judgement shall issue in accordance with this opinion.

This the 11th day of February, 2008.

_____
Senior Judge